# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50664

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: November 13, 2023** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| APRIL JOY CALLAHAN, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of two years, for operating a motor vehicle while under the influence of alcohol (one felony conviction within fifteen years) and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

April Joy Callahan pled guilty to operating a motor vehicle while under the influence of alcohol (one felony conviction within fifteen years), Idaho Code §§ 18-8004, -8005(9). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of two years. Callahan filed an Idaho Criminal Rule 35 motion, which the district court denied. Callahan appeals and argues the district court abused its discretion by imposing an excessive sentence; specifically, by failing to order a period of retained jurisdiction. Further, she argues the district court abused its discretion by denying her Rule 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Next, we review whether the district court erred in denying Callahan's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Callahan's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Callahan's judgment of conviction and sentence, and the district court's order denying Callahan's Rule 35 motion, are affirmed.